[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO RESTORE CASE TO THE DOCKET (#152)
This case comes to this court wherein the plaintiff seeks to restore this case to the docket. The case was withdrawn on September 15, 1997. The Motion To Restore was filed on December 31, 1997 being Motion #152. The defendant filed their brief in response to the motion and to the plaintiff's brief on April 20, 1998.
The basis of the Motion To Restore is that the settlement was procured through fraudulent misrepresentations by the defendant Husnija Sabovic. The main issue is who was driving the vehicle at the time of the accident.
The motion was marked testimony required. The court agreed testimony was required. The court set this motion down for a hearing on August 10, 1998. By letter dated July 31, 1998, the plaintiff indicated "we will not be requiring testimony." This was in response to the court notice that was sent setting down the hearing on August 10, 1998.
A motion to reopen a judgment rests within the sound discretion of the trial court. A court has the power to open a judgment entered where there is fraud. This court has power to reopen a withdrawal also by analogy. However, for the court to reopen on the basis of fraud, there must be proof (evidence that there was fraud).
Fraud consists of: (1) a fraudulent representation; (2) an untrue statement known to be untrue by the maker; (3) the statement was made to induce reliance thereon and (4) the other CT Page 8637 party relied to the parties' detriment.
The court denies the motion to reopen since the plaintiff has failed to establish by credible evidence (not argument), that the elements of fraud have been proven. Since no evidence was produced by the plaintiff, she failed to show that the defendant was other than a passenger at the time of the incident. She failed to show that the defendant was the driver of the vehicle in question. The defendant with conflicting evidence alleges that at the trial of the Watertown Construction case, the defendant maintained he was the passenger. At that trial, his wife said that she was the passenger and he was the driver. (Conflicting evidence).
Substantial sums were paid to the plaintiff on April 8, 1994 as the result of under-insured motorist arbitration in the approximate sum of $800,000. There was testimony at the time that the driver was a woman. The plaintiff was earlier aware of the allegation that the driver was a woman. A witness Finn said that the defendant was the driver. Credibility was an issue in the arbitration case.
If the plaintiff was aware of the claim that the defendant was not driving but it was a woman, then there cannot be fraud where there is actual knowledge. Without evidence on the claim of fraud where there exists contradicting claims, the motion fails.
The request to restore to the docket is denied.
KARAZIN, J.